PETITION ROR A RE-HEARING.
The counsel for the appellant would most respecifully represent, that, labouring under the deepest conviction, that the court in rendering their opinion in this cause, have, inadvertantly no doubt, not only left untouched, points which were made on the trial, and which are considered both weighty and conclusive for the appellant, if periled according to *40 prior decisions of this court, but have assumed facts as proved by the record, upon which no legitimate evidence was offered whatever, he would consider himself regardless of the interest of his client, were not aSain call the attention of the court to those points.
re-heahingC a
The warrant upon which the inquisition was held, complains that the appellant “did, on the 30th day of January, 1826, forcibly enter into, and detains from the said president, directors and company, of the bank of the United States, one house on a lot,” &c. See Record, p. 1. And the verdict of the jury.empannelled by the circuit court, finds “the defendant, Peter Swartzwelder, guilty of the forcible detainure complained of in the warrant.” See Record, p. 5. And upon the verdict, the judgment of the court was rendered for “ restitution of the houses and tenements named in the warrant.” See Record, p. 5.
Now, let it be observed that the warrant does not complain of a forcible detainure. The qualifying term “forcibly,” cannot by any grammatical construction be applied to the detainure. It is applicable only to the entry complained of, and the verdict, it will be seen, is made to rest wholly upon a forcible detainure, when in truth there is no complaint of a forcible detainure to be found in the warrant. If then, there be no foundation for the verdict, the superstructure must fall of course. A verdict in all cases, both civil and criminal, rendered for that which is not claimed or charged in the declaration, warrant or indictment, is both erroneous and void. Let us again advert to the ease to which this court was referred on the trial, and which is now considered directly in point. It is- the case of Lewis vs. Stith, decided by this court in 1822, and is found in 2d Lit. Rep. 296. In that case, the charge in the warrant was the same as in this, that the defendant forcibly entered into, and detains, &c. The verdict was for a forcible detainure only. The court of appeals decided that, as no forcible detainure was complained of, a verdict for a forcible detainure could not be sustained, and upon that ground reversed the' decision of 'the court below. It is respectfully urged then, that the two cases’ are wholly annlagous. *41 and that this honourable court, has accidentally overlooked the point, or they would not have decided this as a point unworthy of notice, or one that in principle had heretofore been decided against the appellant. Nor would the court, except by accident, have passed unnoticed, the assignment of error that “the verdict of the jury and judgment of the court are informal, and substantially defective and erroneous, and contrary to law and evidence,” when the warrant only charges a forcible entry and a detainure, “of a house oh a lot,” while the judgment directs the restitution of “houses and tenements.”
°r a
The attention of the court, is also again respectfully called to the motion which was made in the circuit court, to quash the proceedings had by the sheriff under the original warrant, on the ground that no. judgment was rendered on the verdict; and also on the ground that the inquisition was held on a day not directed by the warrant, without any agreement of parties to that effect, or regular continuance of the cause from day to day. That the circuit court had the power to quash on proper grounds, has, it is again urged, in effect been repeatedly decided by this court; and whether more substantial cause could exist, than the want of a judgment, when the statute expressly requires one, is here presented as a question to the court. The seventh section of the act authorizing the proceedings to be had, is full and peremptory, that a judgment shall be rendered, and even the judgment itself is substantially given. What then could be more fatal than the want of this judgment ? Could the justice of the peace (if indeed, one was present at all,) have isued writ of restitution without a judgment? And if not, does the traverse taken to the circuit court, legalize the proceedings so as to place the appellant in a worse situation than if the original verdict had have stood untraversed ? These are questions, if not at once conclusive, are deemed at least worthy of consideration; and espcciallj the more so, when the record shews that the requisition was held at a time not directed by the warrant, thereby rendering the proceedings more void than vacuity itself.
Petition tor a re-hearing.
But there yet remains a question or two, upon which this court have acted, that imperiously claim, at the hands of counsel, some further notice. The opinion of the court as rendered, seems to leave the question out of view, as being not at all controvertable, whether or hot the alleged agency of M. T. Scott to act for the bank, was proved by parol, and confines the enquiry solely to the question, whether or not the corporation could obtain and hold the possession in fact, of the house in question, without acting under its corporate seal; taking it for granted, that if the corporation can thus act, it is abundantly proved by parol, that such an agency existed. It' is respectfully suggested that counsel has been greatly straitened to find on what page of the record such proof exists. It is true that Stiffee, who claimed to be tenant of the bank, and who was proved to have paid rent to M. T. Scott, as agent of the bank, had just left the occupancy of the house in controversy, when the alleged forcible entry was made. But It is also true, that Stiffee had previously held under Sebree, the transferee.of the party now contended with the bank, 'and by the directions of Sebree, had attorned to Scott as agent of the bank, without the privity or consent of Hendricks, the real party now contended with the bank.' Does not then, the question irresistibly occur—was Scott clothed with any power from the-bank to accept of this attornment, and possession in fact constituting the “tenancy” upon which the opinion is predicated in favor of the appellees ? If so, where is the evidence ' proving the existence of such agency ? It is believed that it cannot be found in the record. It is true, Stiffee stated that Scott told him he was the agent of the bank, and he recognized him as such by executing leases and paying rent to him; but Stiffee also stated, that he did not know whether he was agent or not; and this, and similar testimony, from perhaps another witness, is all the evidence we have of Scott’s agency. Scott never was sworn in court as a witness, as to his authority to act for the bank, and his mere say’so, to one of-the witnesses, is no legitimate evidence of the fact; nor can his acts as such, operate as proof of his agency, to the prejudice of one who had never recognized him as such, in the absence of all proof, that *43 the bank vested him with the authority of an agent. Hence it results, that there is no proof that Scott was agent of the bank, and of course, no proof that the present appellees ever had the possession in fact of the premises in controversy, and consequently, are not entitled by law, to maintain the writ of forcible entry and detainure for the same.
p itj, fg.^earin”.1 °
But we will suppose for a moment, that some proof of Scott’s agency was offered to the jury, and that that proof was slight or doubtful, as must be considered in this case; was not the circuit court travelling beyond the pale of its authority, when it snatched from the jury the decision of these facts, and decided them itself? is it not the peculiar prerogative of the jury to decide upon facts, and not that of the judge? These are every day principles, and must be understood by every one having any pretensions to legal acquirements. And yet, the adverse counsel has, in his brief, chosen to regard these matters as “trifling,” and this honorable court has so far exercised a coincidence of opinion, as to pass them almost unnoticed!
But admitting the agency of-Scott to have been proved beyond controversy, by parol, with due deference to the opinion of the court, it is again urged? that the authorities cited in the case, are clear, that at corporation, unless specially authorized by its-charter^ cannot do any act, except under the seal of the corporation. To acquire the- possession, in fact, requires positive action, and cannot be done by negative inertness, especially by a corporation. The possession in fact of the house in questiou, is proved once to have been in another, and all that has been done to change that possession, was done by Scott, and not by the appellees. Hence the ground taken, by the court, that.possession in fact can as well be proved to exist without authority on the part of him acquiring it, as with it, does not apply in the case, inasmuch’ as possession in fact of the house in question, is shown never to. have been acquired by thV appellees. Inasmuch,, therefore, as it requires action, to acquire the possession in fact of that of which the party was once out of possession, this case forms no exception to the general rule, that a corporation shall not have power to act, *44 except under its corporate seal, unless specially authorized by its charter. If the court intended in this case, to decide that the appellees could act without the solemnity of their seal, it is respectfully submitted to the adversary counsel to cite the authorities by whkh that dedsion js given.
Le“or a ie-heanng.
finding of either is sufficient. in a warrant entr ^ndde tainer,the
Uriel B. Chambers, attorney for appellant.
And upon the main question of controversy that came before the jury, which of the contending parties had the possession in fact of the house in question, suffice it to remark, that this court have approved the instructions given to the jury by the court below, that all the evidence offered on that subject, was on the side of the present appellees, and against the appellants; and however counsel may differ with the court on that subject, it is not intended here to be further investigated. But the court is respectfully solicited to reconsider as well, that, as the other questions herein suggested, and if, upon full consideration, they should coincide with any of the foregoing views, to grant to the appellant a re-hearing of the cause.
Judge Robertson
delivered the opinion of the Court on the petition for the re-hearing.
The authorities and arguments urged in the petition for a re-hearing, had not escaped the consideration of the court; and as they were not believed to be sufficient to change the opinion which has been given, they could not be entitled to more influence on a reconsideration.
The form of the inquisition is, we still believe, substantially good. On a warrant for a forcible entry and detainer, a finding of either the forcible entry or detainer is good; for either may be charged, and is remedied by the summary proceeding authorized by statute. We do not concur with the counsel in his criticism on the phrase “forcible entry and detainer.” We think that the grammatical and sensible construction of these terms in the act, is, that the detainer as well as the entry is forcible. “Forcible entry and detainer,” is a more appropriate and grammatical phrase to convey the idea of force in entering and force in detaining, than the more redundant expressions, “ford- *45 Me entry and forcible detainer.” The latter would be tautology. The copulative “and,” connects the words forcible detainer with the word entry. And as one is with force, the other must have the import. “He forcibly entered and he detains,” might not necessarily and in strict propriety of language, mean that the detention is forcible; but “he forcibly entered and detains” would. If we were required to convey the idea of a forcible entry and forcible detainer in the most precise and unexceptionable language, would not that language be “forcible entry and detainer.” These expressions in the warrant meant, and were intended to mean, that the appellant not only entered, but detained forcibly. Such w'ould be our decision if we were bound to be very technical. But the statute regulating this proceeding is an extensively remedial one, and should be liberally and beneficially enforced.
Traverse puti ofthe inquest, and is a waiver of all írreguIan
Besides, the traverse takes issue upon the truth of the inquest, and is a virtual waiver of its form: 2d Bibb, 431-2. A warrant maybe in the alternative for a forcible entry or detainer; and cannot for this reason be objected to after traverse: 4th Bibb, 501. And it is clearly intimated in Humphrey vs. Jones, 3d Monroe, 263, that an invalid warrant, as well as informal inquisition is waived by a traverse. Any other doctrine would render the remedy by warrant in the country vexatious and expensive; and would tend very much to frustrate the aims of speedy and cheap country justice, which it was framed to accomplish.
The case of Lewis vs. Stith, 2d Littell, 295, does not, when scrutinized, sustain the objection to the inquisition in this case. The decisive point in that case was, that the warrant charged a forcible entry, and it was proved that the plaintiff was not in possession at the time of the entry. It did not become necessary to decide, and therefore the court did not decide the question now under consideration. The court, it is true, used this language, “We are aware that in the warrant, the defendant, Lewis, is alleged, not only to have forcibly entered on the land, but is charged also with detaining the possession, &c.” ■''From this quotation it does not appear, that the lan *46 guage in the warrant, was “forcibly entered and detains;’ and whether the language in that warrant, was, by the words used, and their collocation and connexion, entitled to the same construction as those used in this, is not known. If they were, however, we should not feel willing to be controlled by an obiter dictum, which overrules the spirit and effect of a series of direct decisions, and which would be, in our opinion, plainly irreconcilable with reason and justice.
The force intended by the statute, is an entry or a detainer against the consent of the possessor.
(¿mere. Does a traverse dispense with the necessity of a judgment, upon the verdict before the justice of the peace.
Moreover, it should not escape observation, that the statute declares that the forcible entry meant by it, is an entry against, or without the will of the individual in possession. If then, an entry without the consent of the possessor, is a forcible entry; a detention against his will must be a forcible detainer. Therefore, when the warrant charges a forcible entry and detainer, the entry is forcible, because it was against the will of the possessor, the detainer must necessarily be forcible, because it is contrary to his will. The complaint in the warrant, is, that the defendant eutered and detains, without the consent of the plaintiff. The law declares that this is a forcible entry and detainer;- and that which makes it a forcible entry, renders it a forcible detainer; consequently, in the absence of any other consideration, it seems to the court, that on a warrant for forcible, entry and detainer, a verdict for a forcible detainer, is good and responsive to one branch of the charge.
The authorities already cited are sufficient to shew that the informality of the judgment, is unimportant, alter a traverse to the circuit court. No writ of.restitution can issue from the justice; but must emanate from the clerk’s office. The traverse challenges the truth of'the inquisition; and we are not sure, that in the circuit court, it would avail the objector, to prove, that there had been no judgment at all on the inquisition; by trasverslng, he dispenses with judgment. However, it is not necessary to decide this matter now.
To shew that, if the tenant payed rent to the bank, entered as its tenant, and recognized it as its landlord, it is not material by what authority or contract he *47 entered and held; and that his possession was the possession of the bank, only two cases will be referred to wit: Haynes vs. Adams, 3d Marshall, 140, and 1st Monroe, 126: in the latter of which it is decided, that if the tenant enter under a VOID contract, his possession is that of the landlord. But this point is so well established, that it is unnecessary to enlarge on it. It was therefore, as before decided, immaterial whether Scott was the accredited agent of the bank, as it was abundantly proved, that the occupant recognized the bank as its landlord.
Thus we have deemed it our duty to notice points which were not touched in the former opinion. This, we considered due to the imposing-argument of th,e counsel. Petition overruled.